Denis P. Duffey Jr. (DD 9812)
SPIVAK LIPTON LLP
1700 Broadway, 21st Floor
New York, New York 10019
(212) 765-2100
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
TRUSTEES OF THE PENSION                             :
AND WELFARE FUNDS OF THE MOVING                     :
PICTURE MACHINE OPERATORS UNION,                    :
LOCAL 306,                                          :
                                                    :
              Plaintiffs,                           :          COMPLAINT
                                                    :
      -against-                                     :
                                                    :
TRIBECA FILM FESTIVAL NYC, LLC;                     :
TRIBECA CINEMAS, LLC                                :
                                                    :
              Defendants.                           :
------------------------------------------------------------X

Plaintiffs, by their attorneys, Spivak Lipton LLP, bring this action to collect delinquent employee benefit plan contributions owed by Tribeca Film Festival NYC, LLC (the "Film Festival") and Tribeca Cinemas, LLC (the "Cinemas"). Complaining of Defendants, Plaintiffs respectfully show to the Court and allege as follows:

JURISDICTION AND VENUE

1.  This Court has jurisdiction of this action against the Defendants under Sections 502(a)(3), 502(e)(1), 502(f), and 4301 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1132(a)(3), 1132(e)(1), 1132(f), and 1451.

2.  Venue lies in the Eastern District of New York pursuant to ERISA Sections 502

and 4301(d), 29 U.S.C. § 1132 and 1451(d).

## PARTIES

3. At all relevant times, Plaintiffs, the Trustees of the Pension and Welfare Funds of the Moving Picture Machine Operators Union, Local 306, I.A.T.S.E., AFL-CIO ("Pension and Welfare Funds" or "Funds"), have administered and now administer the Funds.

4. The Funds were established on January 23, 1951 by an Agreement and Declaration of Trust (the "Trust Agreement"), which has been amended from time to time thereafter.

5. The Funds are "employee benefit plans" established under Section 302(c)(5) of the Labor Management Relations Act, 29 U.S.C. § 186(c)(5), within the meaning of Sections 3(1), 3(2), 3(3) and 502(d)(1) of ERISA, 29 U.S.C. §§ 1002(1), 1002(2), 1002(3) and 1132(d)(1), and the principal place where the Funds are administered is at 303 Merrick Road, Lynbrook, New York, 11563.

6. The purpose of the Funds is to receive contributions from employers who are parties to collective bargaining agreements with Moving Picture Machine Operators Union of Greater New York, Local 306 of the International Alliance of Theatrical Stage Employees and Moving Picture Machine Operators of the United States and Canada, AFL-CIO ("Local 306"), to invest and maintain those monies to distribute retirement benefits to those qualified to receive them, to provide health and welfare benefits to those qualified to receive them, and to provide the means for financing the operation and administration of the Funds.

7. Upon information and belief, at all times relevant hereto, Defendant Film Festival was and is a corporation duly organized and existing under the laws of the State of New York, with its principal place of business at 375 Greenwich Street, New York, New York 10013. It is engaged in the business of exhibiting commercially produced motion pictures to the public, and was and is, upon information and belief, an employer engaged in an industry affecting commerce within the meaning of Sections 3(5), 3(11), 3(12) and 4(a)(1) of ERISA, 29 U.S.C. §§ 1002(5), 1002(11), 1002(12) and 1003(a)(1).

8. Upon information and belief, at all times relevant hereto, Defendant Cinemas was and is a corporation duly organized and existing under the laws of the State of New York, with its principal place of business at 54 Varick Street, New York, New York 10013. At all times relevant hereto, it was engaged in the business of exhibiting commercially produced motion pictures to the public, and was and is, upon information and belief, an employer engaged in an industry affecting commerce within the meaning of Sections 3(5), 3(11), 3(12) and 4(a)(1) of ERISA, 29 U.S.C. §§ 1002(5), 1002(11), 1002(12) and 1003(a)(1).

9. Upon information and belief, at all times relevant hereto, Defendants' collective bargaining agreements ("CBAs") and other labor relations matters with Local 306 were handled by substantially the same individuals, and Defendants were operated by the same entity, Tribeca Enterprises.

FACTS

**The Collective Bargaining Agreements**

10. Defendant Film Festival was signatory to a series of CBAs with Local 306 covering employees at all relevant times (the "Film Festival CBAs"). The Film Festival CBAs each obligated Defendant Film Festival to make pension and welfare contributions to the Funds.

11. Specifically, Defendant Film Festival and Local 306 were parties to a CBA with a term from April 14, 2005 through May 4, 2005. The last two paragraphs of page 2 of that CBA required Defendant Film Festival to make pension and welfare contributions to the Funds.

12. Defendant Film Festival and Local 306 were parties to a CBA with a term from April 1, 2006 through April 1, 2009. Page 4 of that CBA contains provisions that required Defendant Film Festival to make pension and welfare contributions to the Funds.

13. Defendant Film Festival and Local 306 were parties to a CBA with a term from April 1, 2008 through March 31, 2012. Page 5 of that CBA contains provisions that required Defendant Film Festival to make pension and welfare contributions to the Funds.

14. Defendant Cinemas and Local 306 were parties to a series of CBAs at all relevant times (the "Cinemas CBAs"). The Cinemas CBAs each obligated Defendant Cinemas to make pension and welfare contributions to the Funds.

15. Specifically, Defendant Cinemas and Local 306 were parties to a CBA with an

initial term from May 1, 2004 through April 30, 2007, which continued in effect until April 30, 2008 pursuant to its Section 8 providing for automatic renewal. Section 5 of that CBA required Defendant Cinemas to make pension and welfare contributions to the Funds.

16. Defendant Cinemas and Local 306 were parties to a CBA with a term from May 1, 2008 through May 1, 2012. Pages 3 and 4 of that CBA required Defendant Cinemas to make pension and welfare contributions to the Funds.

**The Audits**

17. Plaintiffs have adopted guidelines governing the collection of contributions owed to the Funds and the conduct of audits of employers with respect to their obligation to contribute to the Funds (the "Collection Guidelines"), which have been amended from time to time.

18. The Funds' Trust Agreement and Collection Guidelines authorize the Funds to conduct audits of the books and records of participating employers in order to determine whether all contributions required under the employer's CBA and applicable laws have been reported and made.

19. On or around October 24, 2011, the Funds' auditors contacted Defendants by telephone and email to initiate an audit of Defendant Film Festival's contributions to the Funds for the period from 2005-2010 and Defendant Cinemas' contributions to the Funds for the period 2008-2010.

**Film Festival Audits**

20.     In correspondence dated June 19, 2012, the Funds sent Defendant Film Festival a copy of the completed 2005-2010 audit (the "Initial 2005-2010 Film Festival Audit") and demanded payment of the amounts found to be owed therein, i.e., $23,672.00 in principal, plus interest.

21.     By letter to Defendant Film Festival dated February 26, 2013, the Funds' counsel, on behalf of the Funds, demanded payment with respect to the Initial 2005-2010 Film Festival Audit.

22.     By letter to Defendant Film Festival dated October 2, 2013, the Funds' counsel, on behalf of the Funds, again demanded payment with respect to the Initial 2005-2010 Film Festival Audit.

23.     On or about May 8, 2014, the Funds' auditors met with Defendant Film Festival to discuss the Initial 2005-2010 Film Festival Audit.  At that meeting, Defendant Film Festival stated certain objections to the audit.  By email dated May 13, 2014, Defendant Film Festival's representative Sandy O'Hearen provided the Funds' auditors with a spreadsheet detailing the Film Festival's objections to the Initial 2005-2010 Audit.

24.     Following review of Defendant Film Festival's objections, the Funds' auditors issued a revised audit dated July 22, 2014 (the "Revised 2005-2010 Film Festival Audit").  In correspondence dated August 4, 2014, the Funds sent Defendant Film Festival a copy of the Revised 2005-2010 Film Festival Audit and demanded payment of the amounts found to be owed

therein, i.e., $21,642.00 in principal, plus interest.

25. By letter to Defendant Film Festival dated November 4, 2014, the Funds' counsel, on behalf of the Funds, again demanded payment with respect to the Revised 2005-2010 Film Festival Audit.

26. By letters dated March 24, 2015, the Funds again demanded payment with respect to the Revised 2005-2010 Film Festival Audit in the principal amount of $21,642.00, plus interest.

27. To date, no payment has been made with respect to the 2005-2010 Revised Film Festival Audit.

28. The Funds' auditors also conducted an audit of Defendant Film Festival's contributions to the Funds for 2011.

29. In correspondence dated March 10, 2014, the Funds sent Defendant Film Festival a copy of the completed 2011 audit (the "2011 Audit") and demanded payment of the amounts found to be owed therein, i.e., $53.96 in principal, plus interest.

30. To date, no payment has been made with respect to the 2011 Film Festival Audit.

31. As a result of the foregoing, Defendant Film Festival is delinquent as to its obligation to contribute to the Funds in the total principal amount of $21,695.96 through the present

date.

32.     The auditors' fees incurred by the Funds for the above-referenced audits of Defendant Film Festival totaled $7,840.00.

**Cinemas Audit**

33.     In correspondence dated July 6, 2012, the Funds sent Defendant Cinemas a copy of the completed 2008-2010 audit (the "2008-2010 Cinemas Audit") and demanded payment of the amounts found to be owed therein, i.e., $1,652.00 in principal, plus interest.

34.     By letter to Defendant Cinemas dated February 26, 2013, the Funds' counsel, on behalf of the Funds, demanded payment with respect to the 2008-2010 Cinemas Audit.

35.     To date, no payment has been made with respect to the 2008-2010 Cinemas Audit.

36.     As a result of the foregoing, Defendant Cinemas is delinquent as to its obligation to contribute to the Funds in the total principal amount of $1,652.00 through the present date.

37.     The auditors' fees incurred by the Funds for the above-referenced audit of Defendant Cinemas totaled $4,680.00.

**Violations and Harm**

38.     Defendants' failure to make required payments is in violation of the above-described

CBAs, the Trust Agreement, the Collection Guidelines, and applicable provisions of ERISA. Plaintiffs seek enforcement of these provisions pursuant to Section 502(a)(3)(b)(ii), 29 U.S.C. §1132(a)(3)(b)(ii).

39. As a result of the above-described omissions, breaches, and violations by Defendants, Plaintiffs may be required either to (a) deny employee beneficiaries for whom contributions have not been made the benefits provided under the benefit plans, thereby causing to such employee beneficiaries substantial and irreparable harm, or (b) provide to employees of Defendants the benefits offered under the benefit plans, notwithstanding Defendants' failure to make the required contributions, thereby reducing the corpus of such Funds and endangering the rights of the employee beneficiaries thereunder on whose behalf contributions are being made, all to their substantial and irreparable injury.

40. Plaintiffs, in their behalf, and on behalf of all employees for whose benefit the Funds were established, have requested Defendants to perform their obligations, but Defendants have refused and failed to perform as herein alleged.

41. Plaintiffs are without an adequate remedy at law and will suffer immediate, continuing and irreparable injury and damage unless Defendants are ordered to specifically perform all their obligations required under the above-described CBAs, the Declaration of Trust, as amended, and ERISA, and are restrained from continuing to refuse to perform as thereunder required.

## STATEMENT OF FIRST CLAIM

42. Plaintiffs repeat and reallege all the allegations of Paragraphs 1 through 41 inclusive.

43. Defendant Film Festival is liable to Plaintiffs under Section 515 of ERISA, 29 U.S.C. § 1145 for delinquent benefits contributions regarding its employees and related sums in the following amounts:

  (a) $21,695.96 in unpaid contributions to the Funds pursuant to 29 U.S.C. § 1132(g)(2)(A);

  (b) interest on all unpaid contributions through the date of the judgment pursuant to 29 U.S.C. § 1132(g)(2)(B);

  (c) $7,840 in auditors' fees incurred by the Funds;

  (d) liquidated damages of an amount equal to the greater of 20% of the unpaid contributions or the interest on the unpaid contributions pursuant to 29 U.S.C. § 1132(g)(2)(C);

  (e) attorneys' fees pursuant to 29 U.S.C. § 1132(g)(2)(D);

  (f) costs of this action pursuant to 29 U.S.C. § 1132(g)(2)(D);

  (g) all additional attorneys' fees and costs incurred in the enforcement and collection of a judgment in this action.

## STATEMENT OF SECOND CLAIM

44. Plaintiffs repeat and reallege all the allegations of Paragraphs 1 through 43 inclusive.

45. Defendant Cinemas is liable to Plaintiffs under Section 515 of ERISA, 29 U.S.C. § 1145 for delinquent benefits contributions regarding its employees and related sums in the following amounts:

- (a) $1,652.00 in unpaid contributions to the Funds pursuant to 29 U.S.C. § 1132(g)(2)(A);
- (b) interest on all unpaid contributions through the date of the judgment pursuant to 29 U.S.C. § 1132(g)(2)(B);
- (c) $4,680 in auditors' fees incurred by the Funds;
- (d) liquidated damages of an amount equal to the greater of 20% of the unpaid contributions or the interest on the unpaid contributions pursuant to 29 U.S.C. § 1132(g)(2)(C);
- (e) attorneys' fees pursuant to 29 U.S.C. § 1132(g)(2)(D);
- (f) costs of this action pursuant to 29 U.S.C. § 1132(g)(2)(D);
- (g) all additional attorneys' fees and costs incurred in the enforcement and collection of a judgment in this action.

## RELIEF REQUESTED

WHEREFORE, Plaintiffs respectfully request entry of a Judgment in favor of Plaintiffs:

(a) against Defendant Film Festival,

    (i) for unpaid contributions to the Funds in the amount of $21,695.96, along with any additional unpaid contributions as of the date of judgment, pursuant to 29 U.S.C. § 1132(g)(2)(A);

    (ii) for interest on said unpaid contributions to the Funds pursuant to 29 U.S.C. § 1132(g)(2)(B);

    (iii) for auditors' fees incurred by the Funds in the amount of $7,840;

    (iv) for liquidated damages pursuant to 29 U.S.C. § 1132(g)(2)(C);

    (v) for costs, including reasonable attorneys' fees, incurred in the prosecution of this action pursuant to 29 U.S.C. § 1132(g)(2)(D) and incurred in the enforcement and collection of a judgment in this action;

    (vi) that Defendant Film Festival be specifically ordered to pay to Plaintiffs the required contributions due and owing as of the present date, as well as all contributions that may be due and owing as of the date of entry of judgment, together with applicable interest, liquidated damages, costs, and fees; and

    (vii) for such other and further relief as the Court may deem just and proper; and

(b) against Defendant Cinemas,

 (i) for unpaid contributions to the Funds in the amount of $1,652.00, along with any additional unpaid contributions as of the date of judgment, pursuant to 29 U.S.C. § 1132(g)(2)(A);

 (ii) for interest on said unpaid contributions to the Funds pursuant to 29 U.S.C. § 1132(g)(2)(B);

 (iii) for auditors' fees incurred by the Funds in the amount of $4,680;

 (iv) for liquidated damages pursuant to 29 U.S.C. § 1132(g)(2)(C);

 (v) for costs, including reasonable attorneys' fees, incurred in the prosecution of this action pursuant to 29 U.S.C. § 1132(g)(2)(D) and incurred in the enforcement and collection of a judgment in this action;

 (vi) that Defendant Cinemas be specifically ordered to pay to Plaintiffs the required contributions due and owing as of the present date, as well as all contributions that may be due and owing as of the date of entry of judgment, together with applicable interest, liquidated damages, costs, and fees; and

 (vii) for such other and further relief as the Court may deem just and proper.

13

Dated: New York, New York  
       August 28, 2015

Spivak Lipton LLP  
1700 Broadway, 21st Floor  
New York, New York 10019  
Tel: (212) 765-2100  
Fax: (212) 765-8954  
Attorneys for the Plaintiffs

By:      /s/  
    Denis P. Duffey Jr. (DD 9812)  
    dduffey@spivaklipton.com